**EXHIBIT 1**

*ELECTRONICALLY FILED*

COMMONWEALTH OF KENTUCKY
ANDERSON CIRCUIT COURT
CIVIL ACTION NO. 22-CI-00081
DIVISION I
JUDGE CHARLES R. HICKMAN

THERESA FANNIN PLAINTIFF

v. **NOTICE OF FILING PETITION FOR REMOVAL**

KAREN L. RICH
and
WILEY SANDERS TRUCK LINES, INC.
and
KENTUCKY FARM BUREAU MUTUAL
INSURANCE COMPANY DEFENDANTS

** ** ** ** **

Please take note that Defendants, by counsel, have filed a Notice of Removal in the Office of the Clerk for the United States District Court, Eastern District of Kentucky.

A true and accurate copy of the Notice of Removal filed with the United States District Court, Eastern District of Kentucky on September 29, 2022 is attached as **Exhibit 1** to this Notice.

SEWELL & NEAL, PLLC

/s/ Charles A. Walker
CHARLES A. WALKER
220 West Main Street, Suite 1800
Louisville, KY 40202
Telephone: (502) 582-2030
Facsimile: (502) 561-0766
E-mail: cwalker@sonlegal.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing was served electronically this 29th day of September 29, 2022 to:

SHEA CONLEY
Morgan & Morgan, Kentucky. PLLC
333 West Vine Street. Suite 1200
Lexington, KY 40507

/s/ Charles A. Walker
CHARLES A. WALKER

*ELECTRONICALLY FILED*

COMMONWEALTH OF KENTUCKY
ANDERSON CIRCUIT COURT
CIVIL ACTION NO. 22-CI-00081
DIVISION I
JUDGE CHARLES R. HICKMAN

THERESA FANNIN PLAINTIFF

v. **NOTICE OF FILING PETITION FOR REMOVAL**

KAREN L. RICH
and
WILEY SANDERS TRUCK LINES, INC.
and
KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY DEFENDANTS

** ** ** ** **

Please take note that Defendants, by counsel, have filed a Notice of Removal in the Office of the Clerk for the United States District Court, Eastern District of Kentucky.

A true and accurate copy of the Notice of Removal filed with the United States District Court, Eastern District of Kentucky on September 29, 2022 is attached as **Exhibit 1** to this Notice.

SEWELL & NEAL, PLLC

/s/ Charles A. Walker
CHARLES A. WALKER
220 West Main Street, Suite 1800
Louisville, KY 40202
Telephone: (502) 582-2030
Facsimile: (502) 561-0766
E-mail: cwalker@sonlegal.com
*Counsel for Defendants*

573A556A-B2B5-4886-92A6-E19B06F2721E : 000001 of 000003

NF : 000001 of 000002

Filed 22-CI-00081 09/29/2022 Pamela J. Robinson, Anderson Circuit Clerk

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing was served electronically this 29th day of September 29, 2022 to:

SHEA CONLEY
Morgan & Morgan, Kentucky. PLLC
333 West Vine Street. Suite 1200
Lexington, KY 40507

/s/ Charles A. Walker
CHARLES A. WALKER

573A556A-B2B5-4886-92A6-E19B06F2721E : 000002 of 000003

NF : 000002 of 000002

**EXHIBIT 1**

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| TERESA FANNIN<br><br>Plaintiff<br><br>v.<br><br>KAREN RICH<br>and<br>WILEY SANDERS TRUCK LINES, INC.<br><br>Defendants | ) | CIVIL ACTION NO. ____________<br><br>**NOTICE OF FILING OF STATE COURT REMOVAL NOTICE** |

** ** ** ** **

Please take notice that on September 29, 2022, Defendants filed their Notice of Filing of Petition for Removal (the "Notice") with the Clerk of the Circuit Court of Anderson County, Kentucky. A copy of the Notice is attached hereto as **Exhibit 1**.

SEWELL & NEAL, PLLC

/s/ Charles A. Walker
CHARLES A. WALKER
220 West Main Street, Suite 1800
Louisville, KY 40202
Telephone: (502) 582-2030
Facsimile: (502) 561-0766
E-mail: cwalker@sonlegal.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing was served electronically this 29th day of September, 2022 to:

SHEA W. CONLEY
Morgan & Morgan, Kentucky. PLLC
333 West Vine Street. Suite 1200
Lexington, KY 40507

/s/ Charles A. Walker
CHARLES A. WALKER



573A556A-B2B5-4886-92A6-E19B06F2721E : 000003 of 000003
EXH : 000001 of 000001

Pamela J. Robinson, Anderson Circuit Clerk
151 South Main Street
Lawrenceburg , KY 40342

Case Number: 22-CI-00081

USPS CERTIFIED MAIL

9236 0901 9403 8373 9306 29

Restricted Delivery

S&H LEXINGTON
250 W. MAIN ST., STE. 2300
LEXINGTON, KY 40507

US POSTAGE

ZIP

041M11

Pamela J. Robinson, Anderson
Circuit Clerk
151 South Main Street
Lawrenceburg , KY 40342

USPS CERTIFIED MAIL

9236 0901 9403 8373 9306 29

Case Number: 22-CI-00081

Restricted Delivery

S&H LEXINGTON
250 W. MAIN ST., STE. 2300
LEXINGTON, KY 40507

## KCOJ eFiling Cover Sheet

Case Number: 22-CI-00081
Envelope Number: 4530862
Package Retrieval Number: 453086230368026@00001066030
Service by: Certified Mail
Service Fee: $ 0.00
Postage Fee: $ 14.36

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Presiding Judge: HON. CHARLES R. HICKMAN (653233)

ackage : 000001 of 000036



Generated: 4/21/2022 10:05:39 AM

This page was intentionally left blank

AOC-E-105 Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice Courts.ky.gov

CR 4.02; Cr Official Form 1

Case #: **22-CI-00081**
Court: **CIRCUIT**
County: **ANDERSON**

# CIVIL SUMMONS

*Plantiff,* **FANNIN, THERESA VS. RICH, KAREN L. ET AL,** *Defendant*

TO: **S&H LEXINGTON**
**250 W. MAIN ST., STE. 2300**
**LEXINGTON, KY 40507**

Memo: Related party is WILEY SANDERS TRUCK LINES, INC.

The Commonwealth of Kentucky to Defendant:
**WILEY SANDERS TRUCK LINES, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

/s/ Pamela J. Robinson,
Anderson Circuit Clerk
Date: **4/21/2022**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: ______________________________

☐ Not Served because: ______________________________

Date: ________________, 20______

______________________________
Served By

______________________________
Title

Summons ID: 453086230368026@00001066030
CIRCUIT: 22-CI-00081 Certified Mail
FANNIN, THERESA VS. RICH, KAREN L. ET AL



eFiled

This page was intentionally left blank

COMMONWEALTH OF KENTUCKY
ANDERSON CIRCUIT COURT
CIVIL ACTION NO.: 22-CI-_____
DIVISION _____
*Electronically Filed*

THERESA FANNIN PLAINTIFF

v.

KAREN L. RICH
**Serve via Kentucky Secretary of State**:
Karen L. Rich
130 Grady Pepper Rd.
Ardmore, AL 35739

and

WILEY SANDERS TRUCK LINES, INC.
**Serve via Kentucky Secretary of State:**
Wiley C. Sanders Jr., registered agent
P.O. Box 161
Troy, AL 36081

**Serve via Certified Mail**:
S&H Lexington, registered agent
250 West Main St., Suite 2300
Lexington KY, 40507

and

KENTUCKY FARM BUREAU MUTUAL
INSURANCE COMPANY DEFENDANTS
**Serve via Certified Mail:**
L. Gregory Kosse
9201 Bunsen Parkway
Louisville, KY 40220

## COMPLAINT

Plaintiff, Theresa Fannin, for her Complaint against Defendants, Karen Rich, Wiley Sanders Truck Lines, Inc. and Kentucky Farm Bureau Mutual Insurance Company, state as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, Theresa Fannin, is a citizen and resident of the Commonwealth of Kentucky, residing at 249 Ben Currens Road, Salvisa, KY 40372.

2. At all relevant times, Defendant, Karen Rich ("Defendant Rich"), is a citizen and resident of the State of Alabama, residing at 130 Grady Pepper Rd., Ardmore, AL 35739, and can receive service at that address through the Kentucky Secretary of State.

3. At all relevant times, Defendant, Wiley Sanders Truck Lines, Inc. ("Defendant Wiley Sanders Truck Lines"), is an Alabama corporation incorporated and existing under the laws of the State of Alabama, with its principal place of business located at 100 Sanders Rd., Tory, AL 36079.

4. Upon information and belief, Defendant Wiley Sanders Truck Lines has designated Wiley C. Sanders, Jr. as its registered agent of process, who can receive service at P.O. Box 161, Tory, AL 36081.

5. Upon information and belief, Defendant Wiley Sanders Truck Lines has designated S&H Lexington as its blanket registered agent of process, who can receive service at 250 West Main St., Suite 2300, Lexington, KY 40507.

6. At all relevant times, Defendant Rich, was the employee, agent, servant, and/or statutory employee for Defendant Wiley Sanders Truck Lines, operating for the benefit of, in furtherance of the interests of and/or within the course and scope of his employment with Defendant Wiley Sanders Truck Lines. Accordingly, Defendant Wiley Sanders Truck Lines is vicariously liable for the acts of Defendant Rich.

7. Upon information and belief, Defendant, Kentucky Farm Bureau Mutual Insurance Company ("Defendant Kentucky Farm Bureau"), is an insurance company formed under the laws of the Commonwealth of Kentucky and is an authorized insurer in the Commonwealth of Kentucky

holding a Kentucky Insurance Certificate of Authority with a principal office address of 9201 Bunsen Parkway, Louisville, KY 40220, and has designated L. Gregory Kosse as its registered agent for service of process in the Commonwealth of Kentucky.

8. On or about November 23, 2020, Defendant Kentucky Farm Bureau insured the Plaintiff with a policy of Underinsured Motorist Coverage insurance, Policy Number 0020448378 (the "Policy"), which was in full force and effect on the date of the collision.

9. The amount in controversy exceeds the minimum amount necessary to establish the jurisdiction of this Court.

10. Venue is appropriate because the tractor-trailer collision giving rise to this lawsuit occurred in Lawrenceburg, Anderson County, Kentucky, on November 23, 2020.

**COUNT I – COMMON LAW NEGLIGENCE AGAINST DEFENDANTS RICH AND WILEY SANDERS TRUCK LINES**

11. On or about November 23, 2020, in Lawrenceburg, Anderson County, Kentucky, Defendant Rich was operating a 2020 Kenworth T600, and was preparing to stop on southbound US 127 B as she prepared to turn left on to Fox Creek Road.

12. Upon information and belief, the 2020 Kenworth T600 was operated by Defendant Rich on behalf of her employer, Defendant Wiley Sanders Truck Lines.

13. As Defendant Rich was preparing to turn left onto Fox Creek Road, she failed to observed stopped traffic ahead of her and struck the rear of the 2001 Toyota Tundra in which Plaintiff ws the restrained driver.

14. Defendant Rich operated the 2020 Kenworth T600 in a negligent, careless, and reckless manner, causing serious injuries to Plaintiff, for which Defendant Wiley Sanders Truck Lines vicariously liable.

15. As a direct and proximate result of the gross negligence and carelessness of Defendants Rich and Wiley Sanders Truck Lines, the Plaintiff, Theresa Fannin, sustained temporary and permanent injuries to her body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Theresa Fannin, will continue to suffer such damages in the future, as her injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of her injuries.

**COUNT II – NEGLIGENCE *PER SE***
**AGAINST DEFENDANTS RICH AND WILEY SANDERS TRUCK LINES**

16. Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

17. Defendant Rich violated state and federal statutes and regulations, including but not limited to KRS 189.290, KRS 189.330, 189.338, KRS 189.390, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which Defendant Wiley Sanders Truck Lines is vicariously liable.

18. The injuries sustained by Plaintiff are of the type which these statutes seek to prevent and that such injuries were proximately caused by Defendant Rich's violation of these statutes, for which Defendant Wiley Sanders Truck Lines is vicariously liable.

19. As a direct and proximate result of the gross negligence and negligence *per se* of Defendants Rich and Wiley Sanders Truck Lines, the Plaintiff, Theresa Fannin, sustained temporary and permanent injuries to her body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff, Theresa Fannin, will continue to suffer such damages in the future, as her injuries are permanent in nature, and incurred

large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of her injuries.

**COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISING AND ENTRUSTMENT AGAINST DEFENDANT WILEY SANDERS TRUCK LINES**

20. Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

21. Defendant Wiley Sanders Truck Lines had a duty to act reasonably in hiring, instructing, training, supervising and retaining its drivers and other employees and agents, including Defendant Rich, and to promulgate and enforce policies, procedures, and rules to ensure that its drivers and vehicles were reasonably safe.

22. Defendant Wiley Sanders Truck Lines had a duty to exercise reasonable care in entrusting its vehicles and equipment to responsible, competent, and qualified drivers.

23. Defendant Wiley Sanders Truck Lines was negligent, careless and reckless with regard to the duties set forth above, causing serious injury to Plaintiff, for which it is directly liable.

24. Defendant Wiley Sanders Truck Lines violated state and federal statutes and regulations, including but not limited to KRS 189.224, 601 KAR 1:005 and 49 C.F.R. §§ 350-399, which were promulgated to protect the safety of a class of people that includes Plaintiff, and constitutes negligence *per se* pursuant to KRS 446.070 and Kentucky case law, for which it is directly liable.

25. As a direct and proximate result of the gross negligence, carelessness, and recklessness of Defendants Rich and Wiley Sanders Truck Lines, the Plaintiff, Theresa Fannin, sustained temporary and permanent injuries to her body, causing great physical and mental pain and anguish, including the loss of enjoyment of life and impairment of earning capacity, and Plaintiff,

Theresa Fannin, will continue to suffer such damages in the future, as her injuries are permanent in nature, and incurred large sums of money for physicians and medical expenses in treatment; and is at the increased likelihood of future complications due to the severity and permanent nature of her injuries.

**COUNT IV – PUNITIVE DAMAGES AGAINST DEFENDANT RICH AND DEFENDANT WILEY SANDERS TRUCK LINES**

26. Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

27. Defendant Wiley Sanders Truck Lines and Defendant Rich acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions as well as exhibiting a reckless disregard for the life, safety and health of others, including Plaintiff, warranting the imposition of punitive damages pursuant to KRS 411.184 and 411.186. Furthermore, punitive damages are supported by Kentucky's declaration that tractor-trailers endanger the lives and safety of the traveling public, which includes Plaintiff, pursuant to KRS 189.670, which states:

> It is hereby declared to be the public policy of this state that heavy motor trucks, alone or in combination with other vehicles, increase the cost of highway construction and maintenance, interfere with and limit the use of highways for normal traffic thereon, and endanger the safety and lives of the traveling public, and that the regulations embodied in this chapter with respect to motor trucks, semitrailer trucks and semitrailers are necessary to achieve economy in highway costs, and to permit the highways to be used freely and safely by the traveling public.

28. Defendant Wiley Sanders Truck Lines and Defendant Rich acted recklessly, wantonly and/or with extreme indifference or reckless disregard for the consequences of their actions, as well as exhibiting a reckless disregard for the life, safety and health of others, including Plaintiff, as set forth above, so as to warrant the imposition of punitive damages.

29. The imposition of punitive damages is necessary to serve as a deterrent effect to Defendants Wiley Sanders Truck Lines and Rich, and all others similarly situated.

**COUNT VII – UNDERINSURED MOTORIST BENEFITS CLAIM AGAINST DEFENDANT KENTUCKY FARM BUREAU**

30. Plaintiff adopts and reiterates each and every allegation above, as if set out fully in this paragraph.

31. The collision referred to in Paragraphs 11-15 was the result of the negligence and negligence *per se* of Defendants Rich and Wiley Sanders Truck Lines Co.

32. As a result of the negligence and negligence *per se* of Defendants Rich and Wiley Sanders Truck Lines Co., the Plaintiff suffered severe and permanent injuries.

33. As a result of Plaintiff's severe and permanent injuries as a result of the November 23, 2020 collision, they have incurred reasonable and necessary medical and related expenses, and in the future will incur additional reasonable and necessary medical expenses, have lost time from work, have endured physical pain and mental suffering, and in the future will endure additional physical pain and mental suffering, and her ability to earn money have been impaired, all to her damage in amounts in excess of the minimal jurisdictional amount of this Court.

34. On or about November 23, 2020, Defendant, Kentucky Farm Bureau insured the Plaintiffs with a policy of Underinsured Motorist Coverage insurance, Policy Number 0020448378 (the "Policy"), which was in full force and effect on the date of the collision.

35. Pursuant to the terms of the insurance policy referred to in Paragraph 33, Plaintiff are entitled to Underinsured Motorist Coverage ("UIM").

36. Defendant Kentucky Farm Bureau has in its custody and control a copy of the insurance policy and, therefore, it is not attached to the Complaint.

37. Defendant Kentucky Farm Bureau provided UIM coverage to Plaintiff, which applies to the above-referenced collision of November 23, 2020.

38. Defendant Rich was an underinsured motorist.

39. Upon information and belief, Plaintiff's injuries and damages exceed the limits available under Defendant Wiley Sanders Truck Lines Co.'s insurance policy.

40. Plaintiff is entitled to UIM benefits from Defendant Kentucky Farm Bureau to the extent provided by the Policy and by operation of law, arising out of the injuries and damages suffered as a result of the above-referenced collision.

**WHEREFORE**, Plaintiff, Theresa Fannin, demands judgment against Defendants Karen Rich, Wiley Sanders Truck Lines Inc., and Kentucky Farm Bureau Mutual Insurance Company as follows:

A. A trial by jury on all issues of fact herein;

B. For actual, special, punitive, and compensatory damages permitted by law, in an amount greater than the jurisdictional minimum of this Court;

C. For prejudgment interest from the date of the Plaintiff's injuries until such time the judgment is paid;

D. For Plaintiff's costs herein expended; and

E. For any and all other relief to which the Plaintiff is entitled.

**CERTIFICATION**

This is to certify that pursuant to KRS 411.188(2), the undersigned attorneys have notified by certified mail all of those parties believed to possibly hold subrogation rights to any award received by the Plaintiff as a result of this action and that the failure to assert subrogation rights by intervention, pursuant to Kentucky Civil Rule 24, or otherwise will result in a loss of those rights with respect to any final award received by the Plaintiff as a result of this action.

The parties notified are as follows:

Humana Health Plan Inc.
ATTN: Subrogation Department
P.O. Box 2257
Louisville, KY 40201

RESPECTFULLY submitted this 15th day of April, 2022:

*<u>/s/ Shea W. Conley</u>*
SHEA W. CONLEY
Morgan & Morgan, Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 286-8364
Facsimile: (859) 899-8108
sconley@forthepeople.com
*Counsel for Plaintiff*

This page was intentionally left blank

COMMONWEALTH OF KENTUCKY
ANDERSON CIRCUIT COURT
CIVIL ACTION NO.: 22-CI-_____
DIVISION _____
*Electronically Filed*

THERESA FANNIN PLAINTIFF

v.

WILEY SANDERS TRUCK LINES INC et. al. DEFENDANTS

---

**PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS, AND REQEUSTS FOR ADMISSIONS TO DEFENDANT, KAREN RICH**

---

For her First Set of Interrogatories and Requests for Production of Documents to Defendant, Karen Rich, Plaintiff states as follows:

**INTERROGATORIES**:

**INTERROGATORY NO. 1:** State your full name, your current residential address and business address, your date of birth, your employer and job duties, all former names and when you were known by those names, each residential address for the past 10 years and you lived at each address, and your Social Security number.

**ANSWER:**

**INTERROGATORY NO. 2**: Where were you coming from and where were you going at the time of the crash as alleged in the Complaint?

**ANSWER**:

**INTERROGATORY NO. 3**: Describe the exact route that you followed from the point where your trip commenced to the point where the crash occurred.

**ANSWER**:

**INTERROGATORY NO. 4**: Describe in detail how the crash occurred and all actions taken by you to prevent the crash.

**ANSWER**:

**INTERROGATORY NO. 5**: State the full name and address of each person who witnessed or claims to have witnessed the crash.

**ANSWER**:

**INTERROGATORY NO. 6**: State the full name and address of each person not named in the interrogatory above who was present or claims to have been present at the scene or immediately before, at the time of, or immediately after the crash.

**ANSWER**:

**INTERROGATORY NO. 7**: Did you give a statement, oral, or written to anyone concerning the crash as alleged in this suit? If so, state the name and address of such person taking such statement.

**ANSWER**:

**INTERROGATORY NO. 8**: State the condition of the lighting, road surface and contour, and the weather at the time of the crash as alleged in this suit.

**ANSWER**:

**INTERROGATORY NO. 9**: Give the name of all insurance carriers, the policy numbers, and the monetary limits of liability coverage that were in effect for the tractor and trailer at the time of the subject collision.

**ANSWER**:

**INTERROGATORY NO. 10**: Were you employed within the last six (6) months prior to the crash. Please state the place of your employment, supervisors, type of work, and the length of

time you were employed at each place of employment.

**ANSWER**:

**INTERROGATORY NO. 11:** Identify as to the name and address of each person you expect to call as an expert witness at trial and state the subject matter in which each expert witness is expected to testify.

**ANSWER**:

**INTERROGATORY NO. 12**: List the name, address and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**ANSWER**:

**INTERROGATORY NO. 13:** Has any person whose name is contained in the Answer to the above Interrogatory given a written or recorded statement to your or your agent, if so, please state the name and address of such person, and the name and address of the person who has the present custody or control of each statement.

**ANSWER**:

**INTERROGATORY NO. 14**: List any and all items you intend to offer as exhibits at trial and describe each and explain how it supports your case. In the alternative, attach copies of all such evidence to your answers.

**ANSWER**:

**INTERROGATORY NO. 15:** Identify and describe any and all demonstrative evidence you intend to use at trial, and describe how it supports your case. In the alternative, attach copies of all such evidence to your answers.

**ANSWER**:

**INTERROGATORY NO. 16**: Have you, your agent, your attorneys, insurance company, or anyone on your behalf requested and/or received any information from any computer information source or center concerning the Plaintiff in this suit? If so, please state the name, address, and job title of the person in possession or control of this information, the date the information was ordered, and the name, address, and job title of the person so ordering the information, and the name of the information source or center used.

**ANSWER**:

**INTERROGATORY NO. 17:** State whether there has been a surveillance of Plaintiff's activities from the date of the incident(s) referred to in Plaintiff's complaint to the present, and if so state:

(a) The names and addresses of the persons conducting said surveillance and the date or dates said surveillance was conducted.

(b) Whether Defendant is in possession of surveillance reports, and if so, names and addresses of those persons in possession of said reports.

(c) Whether Defendant is in possession of surveillance photographs, slides or motion pictures depicting Plaintiff's activities. If so, the names and addresses of those persons in possession of said reports.

**ANSWER**:

**INTERROGATORY NO. 18:** Please state whether you completed a driver's accident report form detailing the incident of November 23, 2020?

**ANSWER**:

**INTERROGATORY NO. 19:** Describe in detail each act or omission on the part of any party to this lawsuit that you contend contributed in any way to the incident in question.

**ANSWER:**

**INTERROGATORY NO. 20:** State the facts upon which you rely for each affirmative defense in your Answer.

**ANSWER:**

**INTERROGATORY NO. 21:** State the name and address of every person known to you, your agents, or your attorneys who has knowledge about, or possession, custody, or control of, any model, plat, map, drawing, motion picture, videotape, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

**ANSWER:**

**INTERROGATORY NO. 22:** Did any mechanical defect in the motor vehicle you were driving at the time of the incident described in the Complaint contribute to the incident? If so, describe the nature of the defect and how it contributed to the incident.

**ANSWER:**

**INTERROGATORY NO. 23:** If you contend that the personal injuries of Plaintiff were not caused by the collision with your vehicle, state with particularity the facts upon which you base your contention.

**ANSWER:**

**INTERROGATORY NO. 24:** Provide the cell phone number you had at the time of the collision, the cell phone provider and account holder's name associated with that number.

**ANSWER:**

**INTERROGATORY NO. 25:** State whether you were engaged in any of the following activities at the time of the collision:

(a) Smoking

(b) Drinking a beverage of any sort

(c) Eating

(d) Talking on the phone or using the phone in any other manner

(e) Texting

(f) Listening to music

(g) Talking to passengers in the vehicle

**ANSWER:**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**:

**REQUEST NO. 1**: Please produce any and all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

**RESPONSE**:

**REQUEST NO. 2**: Produce copies of any and all vehicle insurance policies listed above.

**RESPONSE**:

**REQUEST NO. 3**: Please produce copies of all photographs, video tapes, slides and motion pictures in Defendant's possession which are relevant to the allegations of Plaintiff's Complaint and Defendant's Answer and defense.

**RESPONSE**:

**REQUEST NO. 4**: Please produce copies of all photographs, slides or motion pictures, video tapes, surveillance reports or other information identified in Interrogatory number 17 above.

**RESPONSE**:

**REQUEST NO. 5**: Please produce any logs kept official or unofficial for the month of the collision and six (6) months prior.

**RESPONSE**:

**REQUEST NO. 6**: Please produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the repairs, maintenance, and costs for the tractor involved in the incident of November 23, 2020.

**RESPONSE**:

**REQUEST NO. 7:** Produce any statements, written or verbal, recorded interviews, letters or reports of any kind that you, your counselor anyone acting on your behalf, took, obtained or otherwise heard from Plaintiff including the name, address and telephone number of the person taking, obtaining or hearing the statement, how it was recorded if it was, the date it was taken, obtained or heard and whether it was signed or verified by anyone and, if so, by whom?

**RESPONSE:**

**REQUEST NO. 8:** Produce and attach a curriculum vitae, resume and bio of each expert witness you, your counselor anyone acting on your behalf have hired or consulted with to be a witness in this case.

**RESPONSE:**

**REQUEST NO. 9:** Produce all documents or materials identified, referenced or utilized in anyway in your answers to these Interrogatories or Requests for Production.

**RESPONSE:**

**REQUEST NO. 10:** Produce a copy of any statement you, your counselor anyone acting on behalf of you has obtained from any witness to the collision.

**RESPONSE:**

**REQUEST NO. 11:** Produce copies of all exhibits, photographs, charts, diagrams, maps, drawings, summaries, videos, documents and real or demonstrative evidence of any kind which you expect or intend to introduce or use at trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 12:** Produce a complete and exact copy of all medical bills, records and physician reports regarding Plaintiff, which are in your possession or which may come into your possession, or the possession of your attorney.

**RESPONSE:**

**REQUEST NO. 13:** Produce a complete and exact copy of all phone records from all phones used by you on the day of the collision.

**RESPONSE:**

**REQUEST NO. 14:** Produce a complete and exact copy of your criminal record.

**RESPONSE:**

**REQUEST NO. 15:** Produce a complete and exact copy of all your medical bills, records and physician reports from all physicians whose care you were under at the time of the collision.

**RESPONSE:**

**REQUEST NO. 16:** Produce a copy of the front and reverse side of your driver's license. If applicable, state on said copy if any information on the driver's license has changed since the date of the subject collision.

**RESPONSE:**

**REQUEST NO. 17:** Produce documents relating to or discussing repairs or maintenance to your vehicle that were done for the six (6) month period of time preceding and including the date of the collision and for the six (6) month period of time following the date of the collision.

**RESPONSE:**

**REQUEST NO. 18:** Produce copies of any and all computer-generated documents in your possession, or in the possession of any agent, servant and/or employee, which pertains or relate, in any manner or fashion, to and any past claims history of the Plaintiff in this lawsuit.

**RESPONSE:**

**REQUEST NO. 19:** Produce copies of any and all checks issued by you, or any agent, servant and/or employee on your behalf, to any other person, firm or company making a claim arising out of the same collision or incident which is the basis of this lawsuit.

**RESPONSE:**

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that your negligence contributed to the collision that is the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST NO. 2:** Admit that you were 100% at fault for the automobile collision that is the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST NO. 3:** Admit that you were using the phone at the time of the collision that is the subject matter of this lawsuit.

**RESPONSE:**

**REQUEST NO. 4:** Admit that you took medication the day of the collision, prior to the collision.

**RESPONSE:**

**REQUEST NO. 5:** Admit that you have no information to suggest anyone but you caused or contributed to the collision.

**RESPONSE:**

RESPECTFULLY submitted this 15th day of April 2022:

*/s/ Shea W. Conley*
Shea W. Conley, Esq.
Morgan & Morgan, Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 286-8364
Facsimile: (859) 899-8108
sconley@forthepeople.com
*Counsel for Plaintiff*

COMMONWEALTH OF KENTUCKY
ANDERSON CIRCUIT COURT
CIVIL ACTION NO.: 22-CI-_____
DIVISION _____
*Electronically Filed*

THERESA FANNIN PLAINTIFF

v.

WILEY SANDERS TRUCK LINES, INC. et. al. DEFENDANTS

---

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, WILEY SANDERS TRUCK LINES, INC.**

---

For her First Set of Interrogatories and Requests for Production of Documents to Defendant, Wiley Sanders Truck Lines, Inc., Plaintiff states as follows:

**INTERROGATORIES**:

**INTERROGATORY NO. 1**: Please identify by name and title each and every person who has answered or helped answer these Interrogatories.

**ANSWER**:

**INTERROGATORY NO. 2**: Please state the full and correct name of the Defendant business entity and all parent companies and subsidiaries.

**ANSWER**:

**INTERROGATORY NO. 3**: Please state the name and address of the owner of the semi-tractor trailer and attached trailer that was involved in the incident described in the Plaintiff's Complaint for damages.

**ANSWER**:

**INTERROGATORY NO. 4**: Please state the full name, address, date of birth, employer, and social security number of the driver of the semi-tractor trailer rig involved in the incident in question.

**ANSWER**:

**INTERROGATORY NO. 5**: Please state whether the person listed in the interrogatory above was employed by Wiley Sanders Truck Lines, Inc. on the date of the collision. If so, describe her position and when she began working for Wiley Sanders Truck Lines, Inc.

**ANSWER**:

**INTERROGATORY NO. 6**: If Karen Rich was not acting within the scope and course of his employment at the time of the collision, please state each and every fact upon which you rely to base your claim and the name, address, and employer of each and every person who has knowledge of such information.

**ANSWER**:

**INTERROGATORY NO. 7**: Immediately following the incident of November 23, 2020, please state:

a. The person at Wiley Sanders Truck Lines, Inc. who was first notified of the accident?
b. The date and time this person was notified?
c. Whether anyone at Wiley Sanders Truck Lines, Inc. created a written record of the accident, and if so, whom?
d. Is this record kept in any Vehicle Accident Investigation File or its equivalent?
e. Is this record kept in the ordinary course of business?

**ANSWER**:

**INTERROGATORY NO. 8**: Please state the name, address, and employer of each and every person known to you or your representatives who claims to have any knowledge of this circumstances surrounding the incident in question.

**ANSWER**:

**INTERROGATORY NO. 9**: Has Wiley Sanders Truck Lines, Inc., or anyone acting on its behalf, ever taken or received any statement, either orally or in writing, from any person, relating to this collision? If so, please state the name of the person who gave the statement, who took the statement, its date, its substance, and whether counsel may obtain a copy of any such statement.

**ANSWER**:

**INTERROGATORY NO. 10**: At the time of the incident in question, list any insurance, excess insurance, "umbrella" coverage, general liability insurance, and other insurance in effect for Wiley Sanders Truck Lines, Inc. and for the owner of the trailer.

**ANSWER**:

**INTERROGATORY NO. 11:** Please identify each and every person you expect to call as an expert witness at the trial of this matter and for each expert witness, please state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and summary of the grounds for each opinion.

**ANSWER**:

**INTERROGATORY NO. 12**: List the name, address, and telephone number of each person likely to have discoverable information about the claims and defenses in this case, even if you do not intend on calling that person as a witness.

**ANSWER**:

**INTERROGATORY NO. 13:** Identify any nonparty who you claim is or may be liable to the claimant in part or in whole for the damages claimed but who has not been joined in the action as a party.

**ANSWER**:

**INTERROGATORY NO. 14**: Other than the incident at issue, please list all other incidents involving alleged personal injury in which the driver identified in Interrogatory No. 4 above, has been involved, either as an operator or passenger.

**ANSWER**:

**INTERROGATORY NO. 15:** Did the driver in this case complete an application for employment or any paperwork prior to employment by Wiley Sanders Truck Lines, Inc.?

**ANSWER**:

**INTERROGATORY NO. 16**: What maintenance has been performed on the tractor **or** trailer of the subject vehicle for the six (6) months prior to the collision. For each such maintenance, please list the following:

1. What prompted the maintenance visit;
2. Who performed the maintenance;
3. Who diagnosed the necessity for maintenance;
4. What diagnosis was rendered;
5. When were the repairs performed;
6. What, if any, parts were replaced; and,
7. Did the problem reoccur? If so, when?

**ANSWER**:

**INTERROGATORY NO. 17:** Is there a bill of lading or any other document describing in detail, the entire load packaged in the trailer prior to the incident? If so, please list the custodian of each such documents, the title of each, the preparer and employer of each and attach a copy of said document to your responses hereto.

**ANSWER**:

**INTERROGATORY NO. 18**: Identify the US DOT number displayed on the tractor-trailer on the date of the incident.

**ANSWER**:

**INTERROGATORY NO. 19:** Describe and explain in detail the method of calculating Karen Rich's pay, compensation, wages, salary, bonus, or commission at the time of the collision and one year prior.

**ANSWER**:

**INTERROGATORY NO. 20**: Who at Wiley Sanders Truck Lines, Inc. verified Karen Rich was in compliance with federal safety regulations?

**ANSWER**:

**INTERROGATORY NO. 21:** Describe all training that Wiley Sanders Truck Lines, Inc. provides or requires for its drivers/operators.

**ANSWER**:

**INTERROGATORY NO. 22:** At the time of this incident, was the tractor cab equipped with internal or external facing video or audio recording device(s), a satellite communication device or e-mail capability, including a Qualicomm system such as SensorTRACS, TrailerTRACS, ViaWeb JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by any other company? If so, identify each such system by name, manufacturer and function.

**ANSWER**:

**REQUESTS FOR PRODUCTION OF DOCUMENTS**:

**REQUEST NO. 1**: Please produce any and all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

**RESPONSE**:

**REQUEST NO. 2**: Please produce the accident register maintained as required by federal regulations.

**RESPONSE**:

**REQUEST NO. 3**: If ISO certified, please produce all ISO Certification documents.

**RESPONSE**:

**REQUEST NO. 4**: Please produce all documents prepared concerning all inspections of the tractor trailer involved in the subject crash.

**RESPONSE**:

**REQUEST NO. 5**: Please produce all leases and contracts that were in effect for the tractor and trailer involved in the subject crash.

**RESPONSE**:

**REQUEST NO. 6**: Please produce the entire personnel file of Karen Rich.

**RESPONSE**:

**REQUEST NO. 7**: Please produce the entire qualification file of Karen Rich.

**RESPONSE**:

**REQUEST NO. 8**: Please produce the entire drug and alcohol file of Karen Rich including but not limited to pre-employment, post-accident, random, reasonable suspicion, and return to duty, drug and alcohol testing results.

**RESPONSE**:

**REQUEST NO. 9**: Please produce the entire safety performance history file for Karen Rich.

**RESPONSE**:

**REQUEST NO. 10**: Please produce any other file kept concerning Karen Rich.

**RESPONSE**:

**REQUEST NO. 11**: Please produce any and all payroll and benefit records for Karen Rich for five (5) years prior to the collision to one (1) year after.

**RESPONSE**:

**REQUEST NO. 12**: Please produce any and all cancelled checks of any kind paid to Karen Rich for twelve (12) months prior and six (6) months after the collision.

**RESPONSE**:

**REQUEST NO. 13**: Please produce all logs—official or unofficial—of Karen Rich for the six (6) months before the collision and for thirty (30) days after the collision.

**RESPONSE**:

**REQUEST NO. 14**: Please produce any and all records of health insurance claims, disability claims, sickness or doctors' excuses of Karen Rich for the five (5) years prior to the collision.

**RESPONSE**:

**REQUEST NO. 15**: Please produce all records of Karen Rich for the seven (7) days prior to the collision and for the day of the collision. Specifically, produce the following materials, as you are required to retain under 49 C.F.R. § 395.8(k) and subsequent DOT guidance and interpretation of "supporting documents":

A. Bills of lading;
B. Carrier pros;
C. Freight bills;
D. Dispatch records;
E. Driver call-in records;
F. Gate record receipts;
G. Weight/scale tickets;
H. Fuel billing statements;
I. Toll receipts;
J. International registration plan receipts;
K. International fuel tax agreement receipts;
L. Trip permits;
M. Lessor settlement sheets;
N. Port of entry receipts;
O. Cash advance receipts;
P. Delivery receipts;

Q. Lumber receipts;
R. Interchange and inspection reports;
S. Over/short and damage reports;
T. Agricultural inspection reports;
U. Commercial Vehicle Safety Alliance reports;
V. Accident reports;
W. Telephone billing statements;
X. Credit card receipts;
Y. Driver fax reports;
Z. On-board computer reports;
AA. Border crossing reports;
BB. Custom declarations;
CC. Traffic citations;
DD. Overweight/oversize reports and citations;
EE. And/or other documents directly related to the motor carrier's operation which are retained by the motor carrier in connection with the operation of its transportation business.

**RESPONSE**:

**REQUEST NO. 16**: Please produce any and all cellular and telephone records and bills of the Defendant Rich for the day of the collision and thirty (30) days prior.

**RESPONSE**:

**REQUEST NO. 17**: Please produce any and all credit card bills and receipts for Karen Rich the month the collision occurred.

**RESPONSE**:

**REQUEST NO. 18**: Please produce copies of any and all fuel tax reports of Karen Rich for the year of this collision.

**RESPONSE**:

**REQUEST NO. 19**: Please produce any and all state audits of Karen Rich for the year of this collision and three (3) years prior.

**RESPONSE**:

**REQUEST NO. 20**: Please produce any and all federal accident reports filed by Karen Rich the year of this collision and three (3) years prior.

**RESPONSE**:

**REQUEST NO. 21**: Please produce any and all DOT inspection reports filed by Karen Rich for the year of this collision and three (3) years prior.

**RESPONSE**:

**REQUEST NO. 22**: Please produce any and all long form DOT physicals of Karen Rich.

**RESPONSE**:

**REQUEST NO. 23**: Please produce any and all Seven Day Prior Forms or Eight Day Prior Forms for Karen Rich for the month of this collision.

**RESPONSE**:

**REQUEST NO. 24**: Please produce any and all DOT and State inspections of the tractor involved in the crash for the year of the collision and one (1) year prior.

**RESPONSE**:

**REQUEST NO. 25**: Produce a copy of all contracts or leases in effect on the date of the collision for the tractor and trailer involved in the collision.

**RESPONSE**:

**REQUEST NO. 26**: Produce any photographs taken of the semi-tractor trailer involved in the subject crash at the scene of the collision, or any time after.

**RESPONSE**:

**REQUEST NO. 27**: Produce copies of any documentation evidencing the completion or noncompletion of training programs and driver orientation programs by Karen Rich.

**RESPONSE**:

**REQUEST NO. 28**: Produce copies of any and all satellite communications and e-mails for the day of the collision and seven (7) days prior, as well as all recorded ECM data with reference to all data available, including:

a. trip distance
b. total vehicle driving time
c. load factor
d. vehicle speed limit
e. maximum vehicle speed recorded
f. number of hard brake incidents
g. current engine speed (rpm)
h. maximum and minimum cruise speed limits
i. total vehicle driving distance
j. fuel consumption (gal./hr.)
k. idle time
l. engine governed speed
m. maximum engine speed recorded
n. current throttle position
o. brake switch status (on/off)
p. odometer
q. trip driving time
r. overall fuel economy (mpg)
s. average driving speed
t. number of engine overspeeds
u. number of vehicle overspeeds
v. current vehicle speed (mph)
w. clutch switch status (on/off)
x. clock

**RESPONSE**:

**REQUEST NO. 29**: Produce all policies including liability, general liability, excess umbrella for the tractor and trailer and any other insurance that will cover or arguably cover this collision.

**RESPONSE**:

**REQUEST NO. 30**: Please produce a copy of the completion or noncompletion of any safe driving programs by Karen Rich.

**RESPONSE**:

**REQUEST NO. 31**: Please produce a copy of the driver manual or handbook issued to Karen Rich.

**RESPONSE**:

**REQUEST NO. 32**: Please produce a copy of the company safety rules issued to Karen Rich.

**RESPONSE**:

**REQUEST NO. 33**: Please produce the Permanent Unit File or its equivalent including, but not limited to, records relating to the repairs, maintenance, and costs for the tractor involved in the incident of November 23, 2020.

**RESPONSE**:

**REQUEST NO. 34**: Produce any images from any source of the Plaintiff at the scene of the collision, or any time after.

**RESPONSE**:

**REQUEST NO. 35**: Produce any captured video, audio, or still photographs of the moments leading up to the crash that is the subject of Plaintiff's complaint.

**RESPONSE**:

RESPECTFULLY submitted this 15th day of April 2022:

*/s/ Shea W. Conley*
Shea W. Conley, Esq.
Morgan & Morgan, Kentucky, PLLC
333 West Vine Street, Suite 1200
Lexington, KY 40507
Telephone: (859) 286-8364
Facsimile: (859) 899-8108
sconley@forthepeople.com
*Counsel for Plaintiff*

This page was intentionally left blank